```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON

VIRGINIA ANN MCKAY,              )
                                 )
     Plaintiff,                  )    Civil Action No.
                                 )    5:13-CV-416-JMH
v.                               )
                                 )
                                 )
CAROLYN W. COLVIN, ACTING        )    MEMORANDUM ORDER AND OPINION
COMMISSIONER OF SOCIAL           )
SECURITY,                        )
                                 )
     Defendant.                  )
```

                          *** *** ***

This matter is before the Court upon cross-motions for Summary Judgment [DE 12, 13] on Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits.[1] For the reasons discussed below, the Commissioner's motion will be granted and Plaintiff's motion will be denied.

**I. Overview of the Process and the Instant Matter**

The Administrative Law Judge (ALJ), in determining disability, must conduct a five-step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

---

[1] These are not traditional Rule 56 summary judgment motions. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

The ALJ determined that McKay had not engaged in substantial gainful activity since May 5, 2011 [DE 10-1, ID# 74]. Considering step two, the ALJ found that McKay possessed a

host of severe impairments including degenerative disk disease of the lumbar, thoracic, and cervical spine; a history of right carpal tunnel syndrome; mitral valve prolapsed by history; COPD; and degenerative joint disease of the left knee. *Id.* During step three of the analysis, the ALJ concluded that none of McKay's impairments or combinations of impairments met the severity listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at ID# 76.

At step four, the ALJ determined that McKay had a residual functional capacity (RFC) to perform light work as defined by 20 C.F.R. §§ 404.1567(b), except that she could

> occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to extremes in temperature, vibration, and pulmonary irritants; and cannot work at unprotected heights or around hazardous moving machinery.

Based on this RFC, the ALJ found that McKay was able to perform her past relevant work as an assembly worker. *Id.* at ID# 80. Accordingly, he concluded, McKay was not disabled as defined in the Social Security Act.

Plaintiff argues that the Commissioner's decision is not supported by substantial evidence. She contends that the ALJ erred by failing to include her diagnoses of anxiety and depression as severe impairments. Further, she argues that the

3

ALJ erred by finding that carpal tunnel syndrome was a severe impairment and then failing to assess any limitations for that impairment as part of the RFC.

## II. Standard of Review

In reviewing the ALJ's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the ALJ employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286 (citations omitted).

## III. Background

Virginia McKay applied for disability insurance benefits on June 24, 2011, alleging that her disability began on May 5,

4

2011. Following the initial denial of her claim and a denial upon review, a hearing was conducted before an ALJ on November 13, 2012. The ALJ's decision denying McKay's claim was issued January 11, 2013.

At the time of the ALJ's decision, McKay was thirty-six years of age. She possessed a high school education and had worked in the past as a hotel housekeeper, an assembly worker, a cook, and as a manager in a fast-food restaurant. At the time of the hearing, McKay identified her back and her legs as her most significant problems, calling them "terrible," and describing low back pain with pain and paresthesia in both legs. [DE 10-5, ID# 857-59]. She went on to describe pain in her neck that radiated into her right arm, causing some weakness in her right arm, as well. *Id.* at ID# 863. She also reported that she experienced swelling in her legs and shortness of breath. *Id.* at ID# 864. Additionally, she reported severe anxiety, concentration problems, and sleep disturbances. *Id.* at 867-68.

**IV. The Commissioner's Decision is Supported By Substantial Evidence**

    **A. Substantial Evidence Supports the Commissioner's Decision That Anxiety and Depression Were Not Severe Impairments**

The Commissioner's decision that McKay's anxiety and depression were not severe impairments is supported by substantial evidence. At step two, the ALJ correctly

5

articulated the standard for concluding that an impairment is non-severe by stating that McKay's generalized anxiety disorder did not cause more than minimal limitation in her ability to perform basic mental work activities. [DE 10-1, at ID# 75], *see also* 20 C.F.R. § 404.1521(a). In examining the evidence, the ALJ considered the four "paragraph B" criteria set out in Section 12.00C of the Listing of Impairments for mental disorders. These criteria are: activities of daily living; social functioning; persistence and pace; and episodes of decompensation of extended duration.

While McKay had subjective complaints of limited concentration and stress tolerance, her problems with daily function were mainly physical in nature. Treatment records indicate that McKay responded well to Effexor and Xanax, as her condition remained stable on these medications over an extended period. She was able to care for herself and provide care for her two daughters, complete household chores with some physical assistance, and she reported being able to shop and participate in school activities with her children. The ALJ noted that McKay's diagnosis of generalized anxiety disorder was made by a family practitioner rather than a specialist and, in fact, no referral to a specialist was ever recommended. Virtually all of the medical evidence that Plaintiff relies upon to demonstrate

that her anxiety was severe is based upon her subject complaints to healthcare providers rather than any objective factors. Upon review of the ALJ's opinion and the record in its entirety, it is clear that the ALJ considered the evidence regarding McKay's mental health issues and simply determined that she exaggerated the level to which she was impaired. As explained, that decision is supported by substantial evidence.

### B. Substantial Evidence Supports the Physical Limitations Included in the RFC

Substantial evidence also supports the physical limitations included in the RFC, which are consistent with McKay's diagnosis of carpal tunnel syndrome. The ALJ accorded significant weight to the opinion of examining physician Dr. Burchett, who found that, despite the history of carpal tunnel syndrome, McKay's wrists and hands had normal range of motion and strength. Dr. Burchett also observed that McKay could make fists with both hands, could write, and could manipulate small objects. Upon review of the record, the most recent treatment for the condition appears to be in March 2010, when Dr. Daniel Sway evaluated McKay's right hand paresthesia. [DE 10-5, ID# 755]. Symptoms reported at that time were moderately severe tingling of the palmar aspect of the right hand. Dr. Sway's treatment notes do not appear to include any range of motion or strength measurements for McKay's wrist or hand. Dr. Sway prescribed

anti-inflammatory medication and directed McKay to return for a follow-up visit in three months, with no mention of surgery or other any other type of more invasive intervention. Notably, McKay did not list carpal tunnel syndrome or upper extremity problems among the conditions that limited her ability to work in her application for disability benefits. [DE 10-1, ID# 179]. Regardless, the ALJ did include limitations in the RFC which relate to McKay's diagnosis of carpal tunnel syndrome—namely, the restriction to light work with no concentrated exposure to vibration. Plaintiff cites no evidence in the record to support more extensive limitations regarding an inability to use her hands. Thus, the ALJ's decision is supported by substantial evidence.

**V. CONCLUSION**

Accordingly, **IT IS ORDERED:**

(1) that the Commissioner's motion for summary judgment, [DE 13], is **GRANTED;** and

(2) that Plaintiff's motion for summary judgment, [DE 12], is **DENIED.**

This the 10th day of February, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge